| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ANNALIZA A. STANLEY§
§
§
*versus*§   NO.  1:25-CV-00190-MAC-ZJH
§
§
LAMAR UNIVERSITY§

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On April 23, 2025, the Court referred this case to United States Magistrate Judge Zack Hawthorn for pre-trial management.  Pending before the Court is Defendant Lamar University's ("Lamar") *Motion to Dismiss* (#8) *pro se* Plaintiff Annaliza Stanley's Title VII *Complaint* (#1). On January 5, 2026, Judge Hawthorn issued a *Report and Recommendation* (#15), which recommended granting Lamar's motion because Stanley has not pled facts sufficient to state a plausible Title VII claim.

On January 16, 2026, Stanley filed her *Objection* (#16) to Judge Hawthorn's *Report and Recommendation* (#15).  A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3).  The court has reviewed Judge Hawthorn's *Report and Recommendation* (#15) and has considered Stanley's *Objections* (#16).  The court holds that Judge Hawthorn's findings and conclusions of law are correct, and that Stanley's objections are without merit.

Stanley asserts that the EEOC failed to adequately investigate her charge of discrimination and seeks to obtain information she contends the EEOC should have reviewed, including hiring records and demographic data related to Lamar University's employment decisions. #16. To be entitled to discovery, Stanley must allege sufficient facts in her complaint to state a plausible claim for relief. *Jackson v. City of Hearne, Texas*, 959 F.3d 194, 202 (5th Cir. 2020). The filing of an EEOC charge is not the same as bringing a legal action. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68 (1984) ("a charge of employment discrimination is not the equivalent of a complaint initiating a lawsuit.") Stanley's dissatisfaction with an administrative investigation does not constitute a Title VII violation, nor does it serve as a substitute for pleading the factual elements of a discrimination claim. *See Ponton v. AFSCME*, 395 F. App'x 867, 872 (3d Cir. 2010) (holding that there is no remedy against the EEOC based on mere dissatisfaction with an agency's response to complaints).

Federal Rule of Civil Procedure 8 "does not unlock the doors for a plaintiff armed with nothing more than conclusions."[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Further, discovery may not be used as a fishing expedition. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994). "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (internal quotations omitted).

---

[1] Stanley's allegations are speculative at best and do not connect any adverse hiring decision to a protected characteristic.

It is therefore **ORDERED** that Stanley's *Objections* (#16) are **OVERRULED**. It is further **ORDERED** that Judge Hawthorn's *Report and Recommendation* (#15) is **ADOPTED**. The court will enter a Final Judgment separately.

SIGNED at Beaumont, Texas, this 4th day of February, 2026.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE